IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BETTINA A. STOUTMIRE-MCGHEE,** | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 22-00142-KD-B |
| **KILOLO KIJAKAZI,** Acting Commissioner of Social Security, | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

Plaintiff Bettina A. Stoutmire-McGhee, proceeding *pro se*, initiated this action by filing a complaint for review of a Social Security disability decision.[1] (Doc. 1). Plaintiff resides in Montgomery, Alabama and seeks to appeal an unfavorable decision of the Commissioner of Social Security denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*. (Id. at 2).

Because Plaintiff resides in Montgomery, Alabama, which is located in Montgomery County, it does not appear that venue is appropriate in the Southern District of Alabama. Instead, it appears that venue is appropriate in the Middle District of Alabama. See 28 U.S.C. § 81(b)(1). The relevant statute, 42 U.S.C. § 405(g), provides:

---

[1] Plaintiff did not pay the filing fee or file a motion to proceed without prepayment of fees when she filed her complaint.

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g).

Given that Plaintiff resides in Montgomery, Alabama, the undersigned submits that, pursuant to 42 U.S.C. § 405(g), proper venue for this action lies in the Middle District of Alabama.[2] Rather than recommend dismissal for improper venue, the undersigned finds that it is more appropriate to transfer this case to the proper district, namely the Middle District of Alabama, pursuant to 28 U.S.C. § 1406(a), for all further proceedings.

In light of the foregoing, the undersigned **RECOMMENDS**, in the interest of justice, that this action be **TRANSFERRED** to the United States District Court for the Middle District of Alabama, Northern Division, pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1406(a).

---

[2] It does not appear from Plaintiff's complaint that Plaintiff has any relevant connection to this District. (See Doc. 1).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **8th** day of **April, 2022.**

                                    /s/ SONJA F. BIVINS
                              **UNITED STATES MAGISTRATE JUDGE**